UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA APO, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV655 JCH |
| ) | |
| HBE CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 61), filed on July 18, 2013, and Defendants' Motion to Strike (ECF No. 80), filed on August 16, 2013. Defendants' Motion for Summary Judgment is fully briefed and ready for disposition. Defendants have not filed a reply in support of their Motion to Strike, and since the time for filing a reply has passed, the Court will rule on the record before it. See Local Rule 7-4.01(B).

## BACKGROUND

Plaintiff Patricia Apo ("Plaintiff" or "Apo") began working full-time for Defendant HBE Corporation ("HBE") as a Sales and Marketing Coordinator on April 4, 2005. (Complaint, ECF No. 1, ¶ 8). Defendant Fred Kummer ("Kummer") is the President and CEO of Defendant HBE. (Id., ¶ 4).

This position was Plaintiff's first job in marketing. (Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment ("Defendants' SUMF"), ECF No. 63, ¶ 2). As Sales and Marketing Coordinator, Plaintiff's job duties included distributing HBE's ads to magazines for media placement and providing general clerical assistance to the Marketing Department, among other things. (Id., ¶ 4).

According to Defendants, during Plaintiff's employment, Plaintiff was aware that Kummer was unhappy with the Marketing Department as a whole, if not her specifically. (Id., ¶ 7). According to Plaintiff, she was unaware that Kummer was unhappy with her or the Marketing Department. (Plaintiff Patricia Apo's Response and Objections to Statement of Undisputed Material Facts Defendants' [sic] Submitted in Support of Their Motion for Summary Judgment ("Plaintiff's Response to SUMF"), ECF No. 72, p. 3). Plaintiff did seek employment elsewhere while still employed by HBE. (Id., p. 4).

On March 12, 2012, Plaintiff submitted her "Request For Family Medical Leave Act Leave of Absence" to HBE. (Complaint, ¶ 10). Plaintiff's request was predicated upon her need to care for her mother, who was suffering from a serious health condition. (Id., ¶ 17). Plaintiff's first day of FMLA leave was March 26, 2012. (Plaintiff Patricia Apo's Statement of Additional Undisputed Facts in Support of Her Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's SAUF"), ECF No. 74, ¶ 8).

On March 27, 2012, while Plaintiff was still on leave, Kummer claims he instructed Mike Koncki, Director of Personnel, to inform Plaintiff that her position had been eliminated. (Defendants' SUMF, ¶¶ 16, 25). Kummer claims that, at that time, Koncki responded by informing Kummer that Plaintiff was on FMLA leave. (Id., ¶ 16). Kummer claims that he replied, "I don't give a damn, the decision is made, terminate her." (Id., ¶ 17). Kummer states that, prior to his conversation with Koncki, he was unaware that Plaintiff had requested FMLA leave or that Plaintiff was on FMLA leave. (Id., ¶ 18). However, Mark Ames, the Vice President of Marketing and Plaintiff's supervisor, states he told Kummer at some point after January 1, 2012, and before March 27, 2012, that Plaintiff was not at work because she was caring for her mother. (Declaration of Mark

Ames Pursuant to 28 U.S.C. § 1746 ("Ames Declaration"), ECF No. 74-1, ¶ 12; Defendants' SUMF, ¶ 3).

During Plaintiff's leave, she regularly communicated with Ames. (Defendants' SUMF, ¶ 30). On March 28 and 29, 2012, Ames told Plaintiff that "everything was ok at work" as far as he knew. (Id.). On March 30, 2012, Ames and Koncki informed Plaintiff that her employment was terminated. (Id., ¶ 20; Plaintiff's Response to SUMF, p. 9). Ames was terminated in May 2012. (Plaintiff's Response to SUMF, p. 10; Ames Declaration, ¶ 2).

Plaintiff filed this action in this Court on April 12, 2012. Plaintiff's Complaint contains three counts: Count I alleges "FMLA Interference," Count II alleges "FMLA Retaliation," and Count III alleges "Prima Facie Tort-State [sic] Claim." As noted above, Defendants filed their Motion for Summary Judgment on July 18, 2013, and their Motion to Strike on August 16, 2013.

## **STANDARD**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not

the "mere existence of some alleged factual dispute." FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

As an initial matter, Defendants claim in their Motion to Strike that Plaintiff 1) improperly filed Plaintiff's SAUF, and 2) improperly denied facts contained in Defendants' SUMF as part of Plaintiff's Response and Objections to Defendants' Statement of Undisputed Material Facts ("Plaintiff's Response," ECF No. 72). Given that this Court granted Plaintiff leave to file Plaintiff's SAUF, the first part of Defendants' Motion to Strike will be denied. (See ECF No. 96). The Court also finds Plaintiff's denials in Plaintiff's Response are not improper. Therefore, the Court will deny Defendants' Motion to Strike.

In their Motion for Summary Judgment, Defendants argue Kummer was unaware that Plaintiff was on FMLA leave at the time he eliminated her position, and that Kummer eliminated Plaintiff's position for reasons unrelated to her FMLA leave. Plaintiff counters that there is a genuine dispute as to Defendants' reasons for Plaintiff's termination.

The Family and Medical Leave Act entitles an employee to twelve weeks of leave from work during any twelve-month period if the employee meets certain statutory requirements. 29 U.S.C. § 2612(a)(1). The FMLA makes it unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. §

2615(a)(1). The FMLA also makes it unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

According to the Eighth Circuit Court of Appeals, a claim arising under § 2615(a)(1) can be one of two types. The first type has been classified as an "entitlement" claim, as an employee claims the denial of a benefit to which he is entitled under the statute. Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996, 1005 (8th Cir. 2012). The second type has been classified as a "discrimination" claim, as an employee claims that "after the employee exercised his statutory rights, the employer discriminated against him in the terms and conditions of employment." Id. at 1006.

The Eighth Circuit has classified a claim arising under § 2615(a)(2) as a "retaliation" claim. Id. This type of claim is analogous to retaliation claims that are familiar under Title VII and other federal antidiscrimination statutes. Id. at 1005-06 (citing 42 U.S.C. § 2000e–3(a); Barker v. Mo. Dep't of Corr., 513 F.3d 831, 834 (8th Cir. 2008); 29 C.F.R. § 825.220(e); 60 Fed.Reg. 2180, 2218 (Jan. 6, 1995)).

> If an employee opposes any practice made unlawful under the FMLA—for example, if an employee complains about an employer's refusal to comply with the statutory mandate to permit FMLA leave—then the employer may not for that reason take adverse action against the employee who is engaged in the opposition. As under Title VII, this claim is naturally described as a "retaliation" claim.

Pulczinski, 691 F.3d at 1006.

Confusion often arises as to whether an employee's FMLA claim "is really about interference with his substantive rights, not discrimination or retaliation." Stallings v. Hussmann Corp., 447 F.3d 1041, 1051 (8th Cir. 2006) (citing Kauffman v. Fed. Express Corp., 426 F.3d 880, 884 (7th Cir. 2005)). An interference claim merely requires proof that the employer denied the employee his entitlements under the FMLA, while a retaliation claim requires proof of retaliatory intent. Id.

"Although in some circumstances, a given set of facts will fall clearly into either (a)(1) or (a)(2), it appears that the lines between the two categories are not hard and fast." Id.

The mere fact of discharge during FMLA leave by no means demands an employer be held strictly liable for violating the FMLA's prohibition of interfering with an employee's FMLA rights. Throneberry v. McGehee Desha County Hosp., 403 F.3d 972, 980 (8th Cir. 2005). Thus, where an employer's reason for dismissal is insufficiently related to FMLA leave, the reason will not support the employee's recovery. Id. at 979.

The Court finds that Plaintiff alleges both an "entitlement" claim and a "discrimination" claim under § 2615(a)(1). See Pulczinski, 691 F.3d at 1005-06. Despite Plaintiff's designation of Count II of her Complaint as "FMLA Retaliation," Plaintiff has not alleged a "retaliation" claim under § 2615(a)(2): Plaintiff has not alleged that she was terminated for opposing any practice made unlawful under the FMLA. Thus, the Court will analyze Plaintiff's claims under § 2615(a)(1).

Plaintiff's "entitlement" claim is that Defendants interfered with her right to twelve weeks of leave from work by terminating her while she was on FMLA leave. Every discharge of an employee while taking FMLA leave interferes with an employee's FMLA rights. Throneberry, 403 F.3d at 980. The initial burden of proof in an FMLA interference case is on the employee to show only that he or she was entitled to the benefit denied. Ballato v. Comcast Corp., 676 F.3d 768, 772 (8th Cir. 2012) (quotations omitted). If there exists a showing of interference, the burden shifts to the employer to prove there was a reason unrelated to the employee's exercise of FMLA rights for terminating the employee. Id. If the employer can prove that it would have terminated the employee had the employee not exercised FMLA rights, the employer will not be liable. Id.

Plaintiff's "discrimination" claim is that Defendants discriminated against her for taking FMLA leave by terminating her. FMLA "discrimination" claims are considered under the

McDonnell Douglas burden-shifting framework applied in Title VII cases. Pulczinski, 691 F.3d at 1007 (citing Wierman v. Casey's Gen. Stores, 638 F.3d 984, 1007 (8th Cir. 2011)).

> To establish a prima facie case of FMLA discrimination, an employee must show: (1) that he engaged in activity protected under the Act, (2) that he suffered a materially adverse employment action, and (3) that a causal connection existed between the employee's action and the adverse employment action.

Id. (citing Quinn v. St. Louis County, 653 F.3d 745, 754 (8th Cir. 2011)). The Eighth Circuit has said that an employee must prove that the exercise of FMLA rights "played a part" in the employer's decision. Id. (citing Marez v. Saint-Gobain Containers, Inc., 688 F.3d 958, 963 n.3 (8th Cir. 2012)). If an employee meets this prima facie showing, the burden shifts to the employer to show that it had a legitimate, nondiscriminatory reason for its actions. See Phillips v. Matthews, 547 F.3d 905, 912 (8th Cir. 2008). The burden then shifts back to the employee to show the employer's proffered reasons are mere pretext. Id.

Here, the Court finds a genuine issue of material fact exists as to Defendants' reason for Plaintiff's termination. Viewing the facts in the light most favorable to Plaintiff, Defendants have not established as a matter of law that they would have terminated Plaintiff had she not exercised her FMLA rights nor that they had legitimate, nondiscriminatory reasons for their actions. Kummer acknowledges that he decided to terminate Plaintiff on the second day of her FMLA leave, and the timing of this decision suggests Plaintiff's FMLA leave played a part in her termination. Additionally, Plaintiff has presented evidence that her supervisor informed Kummer shortly before Plaintiff's termination that she was taking time off work to care for her mother. At the time of her termination, Plaintiff had been employed by HBE for nearly seven years, and Plaintiff's supervisor had indicated to her that "everything was ok" at her job. Thus, Defendants have not shown, as a matter of law, that the reason for Plaintiff's dismissal was insufficiently related to her FMLA leave. Defendants' Motion for Summary Judgment must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike (ECF No. 80) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 61) is **DENIED**.

Dated this <u>9th</u> day of September, 2013.

<u>/s/Jean C. Hamilton</u>
UNITED STATES DISTRICT JUDGE
